United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ERNEST BORBOR DEE,<br><br>Defendant. | Case No. 19-cv-07434-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 18 |

Having reviewed Plaintiffs' motion for default judgment, the Court requires supplemental briefing as to Plaintiffs' counsel's billing records. In general, "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). Here, Plaintiff's counsel provides a declaration stating the total hours worked by each timekeeper, but provides no breakdown of how those hours were spent.[1] Absent such information, the Court cannot determine if the hours requested are reasonable, or if they are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

///

///

///

---

[1] It appears Plaintiffs' counsel meant to provide a copy of the timekeeping records. (*See* Mainguy Decl. ¶ 5, Dkt. No. 18-1.) Exhibit A, however, only includes two identical pages listing the total hours spent by each timekeeper. (Mainguy Decl., Exh. A.)

1    Accordingly, the Court ORDERS Plaintiffs to provide supplemental briefing as to
2    Plaintiff's time records by **August 13, 2020**.
3    IT IS SO ORDERED.
4    Dated: August 6, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge